Hurst *v.* Purvis and Another.—In error.

TAYLOR
v.
CLAYPOOL.

COVENANT.  The facts alleged in the declaration were substantially as follows: The parties entered into a sealed agreement on the 12th of *September*, 1838; according to which, the plaintiff sold certain cattle to the defendants, to be delivered to them at the plaintiff's farm in *Wayne* county on or before the first of *December* then following; for which cattle the defendants were to pay the plaintiff a certain price at the time of delivery.  The plaintiff had the cattle at the time and place ready to be delivered, and actually set them apart for the defendants; but the defendants did not attend to receive them.  The plaintiff continued to keep the cattle, so set apart, ready at the place for the defendants until the 8th of the same *December*, when the defendants, having the day before paid a part of the price, came and accepted the cattle from the plaintiff as a compliance with his part of the contract, and converted them to their own use.  The defendants have not paid, &c.

*Saturday,
May 29.*

Pleas, 1. The cattle were not delivered on or before the first of *December*, 1838. 2. The defendants did not accept the cattle on or before the first of *December*, 1838. 3. Accord and satisfaction, by the delivery and acceptance of a promissory note executed by the defendants and others, in satisfaction, &c.  Replication to the third plea, consisting of various matters of evidence tending to show that the plea was not true, and concluding as follows, " and so the note was not accepted in satisfaction," &c.

*Held,* that the replication to the third plea was bad on special demurrer, being argumentative, &c.  *Held,* also, that the first and second pleas were bad, and the declaration good, on general demurrer.